UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O, JS-6

**CIVIL MINUTES - GENERAL**

Case No. EDCV 10-02009 DOC (OPx)                                    Date: February 9, 2011

Title: DEUTSCHE BANK NATIONAL TRUST v. RICHARD CASIANO et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                        NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING MOTION FOR REMAND; GRANTING REQUEST FOR ATTORNEYS FEES AND COSTS

      Before the Court is Plaintiff Deutsche Bank National Trust Company's ("Plaintiff") Motion to Remand Case to State Court and Request for Attorneys Fees and Costs (Docket 5). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The Court hereby GRANTS Plaintiff's Motion to Remand and Request for Attorneys Fees and Costs

      **I.**      **DISCUSSION**

      This is an unlawful detainer action challenging the possession of property located at 1251 Rock Springs Avenue, Norco, California. This is the fifth removal that has been filed in the Central District of California for the same Riverside County Superior Court case, Case No. RIU 014727. All previously removed actions have been remanded to state court.

      **A.**      **Legal Standard**

      Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the

defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a). "The party seeking removal bears the burden of establishing federal jurisdiction." *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See id.*

### B. No Federal Question Jurisdiction

Federal question jurisdiction extends to those cases in which a well-pleaded complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Federal Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002). The existence of a defense based on federal law is insufficient to support jurisdiction, even if both parties agree that the federal defense is the only question truly at issue. *Id.*

Here, Plaintiff's complaint does not allege or plead any claim raising a federal question. The face of the complaint states only one cause of action: Unlawful Detainer. Unlawful Detainer actions arise under California, not federal, law. *See* Cal. Code. Civ. P. § 1161(a). As the existence of federal question jurisdiction is determined by reference to the complaint, not to any asserted defenses, Defendants cannot show that the Court has federal question jurisdiction over this case.

### C. No Diversity Jurisdiction

Federal diversity jurisdiction requires that all plaintiffs to an action be "citizens of different States" than all defendants, and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. In this case, Plaintiff's Unlawful Detainer complaint seeks damages less than $10,000. Pl.'s Mot. at 8. Defendants conclusorily allege, in the Notice of Removal, that "the amount in controversy is over $500,000." A removing defendant, however, "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the ***underlying facts supporting its assertion*** that the amount in controversy exceeds [$75,000]." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (emphasis added). Defendants have also failed to establish diversity of citizenship. Remand is thus warranted.

Due to the lack of federal subject matter jurisdiction, Plaintiff's Motion to Remand is

GRANTED.  The case is hereby REMANDED to state court.

### D. Attorneys Fees and Costs

Plaintiff requests attorneys fees incurred in filing this motion in the amount of $2,100.  Plaintiff submitted an affidavit from attorney Madeleine K Lee that she anticipated incurring $2,100 in litigating the motion, which allotted $1,400 for preparing a reply and attending a hearing on the matter.  As neither were required, the request is reduced to $700.

Pursuant to 28 U.S.C. § 1447(c), when a motion to remand is brought, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."  While the decision to award fees is in the trial court's broad discretion, "absent unusual circumstances, courts may award attorneys' fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.* , 546 U.S. 132, 141, 126 S. Ct. 704 (2005).

Here, Defendants filed this fifth notice of removal in seemingly direct contravention of the Court's previous order remanding Case No. SACV 10-01635 on the same grounds as those discussed above.  *See* Case No. SACV 10-01635 DOC (OPx), Minute Order, Hon. David O. Carter, Granting Motion to Remand and Request for Attorneys Fees and Costs, Dec. 21, 2010 (Docket 22).  When the Court remanded Case No. SACV 10-01635, the Court also granted Plaintiff $700 in attorney's fees.  As such, Defendants lacked an "objectively reasonable basis for seeking removal" when they filed this fourth notice of removal.  Defendants also had been put on notice that frivolous attempts at removal would result in the award of attorneys' fees and costs to Plaintiffs.

Therefore, the Court GRANTS the Request for Attorneys Fees and Costs in the amount of $700.

## II. DISPOSITION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion to Remand and Request for Attorneys Fees and Costs.  The Court ORDERS that this case be remanded to the Riverside County Superior Court.

The Clerk shall serve this minute order on all parties to the action.